THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ M. COSTOSO CABALLERO, Defendant and Appellant.

No. CR-70-50.    Decided October 12, 1971.

*Julio García Antique, E. Armstrong Watlington,* and *Enrique Miranda Merced* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Candita R. Orlandi, Assistant Solicitor General,* for The People.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Appellant was convicted of grand larceny, § 428 of the

Penal Code, 33 L.P.R.A. § 1683. As sole error he assigns the following:

"The trial court erred in concluding that the second search made to the defendant, when he was already under police custody, was reasonable because it was contemporaneous to the events, and in failing to determine that the fruit of that search was motivated by the defendant's admissions, as a result of some deficient and erroneous warnings allegedly given to him."

We must examine the facts for although the contention is one of law it is ineluctably connected to them.

As a result of a telephone call, the policeman Calixto Díaz went to the fifth floor of the building located on 154 Taft Street in Santurce and there he surprised appellant trying to force with a cold chisel the door of apartment No. 502, dwelling which was not appellant's. The policeman arrested the latter and took him to the police station on Loíza Street, also in Santurce. Appellant carried with him a portfolio or brief case. At the station, after some warnings were given to appellant about his rights—to be assisted by counsel, to use the telephone, to call a relative, etc.—the policeman asked appellant to give him the portfolio, which appellant did. The policeman opened and searched the portfolio and there appeared some jewels, which had been stolen that same day from another house near to the place where appellant was arrested. The explanation which appellant gave to the policeman was that he acquired them "through a drug transaction which he performed at Stop 26."

The possession of those jewels gave rise to appellant's accusation and conviction of the crime of grand larceny which gives rise to this appeal.

Appellant's position is to the effect that the search of the portfolio was unreasonable because it was not contemporaneous with the arrest. It is based chiefly on *People* v. *Sosa Díaz*, 90 P.R.R. 606 (1964).

■ In *Sosa Díaz, supra,* while investigating an automobile accident the police found appellant under the influence of alcoholic beverages, for which reason he was detained and taken to the police station. Meanwhile a policeman remained taking care of the automobile. Returning to the site of the accident another policeman named Román searched the car and found a revolver under one of the seats of the car. There, following *Preston* v. *United States,* 376 U.S. 364 (1964), we reversed the convictions for the offense of violations of the Weapons Law. We held there that the warrantless search was unreasonable because said search was remote both in time and place to the arrest and, therefore, it was not incidental to an arrest. The conclusion we reached in that case is explained by the following. The search, without a search warrant authorizing it, of a lawfully arrested person, is justified because it is carried out in order to seize weapons or instruments which might be used to assault the police officers or to attempt or effect an escape; to seize weapons or instruments used to commit an offense; and to prevent the destruction of evidence.[1] In *Sosa Díaz,* the search of the automobile without a warrant could not be justified on those grounds because the appellant was already far from the automobile and under police custody at the Police Station.

■ The case at bar is different from said *Sosa Díaz* case. In the case at bar appellant had the portfolio or brief case *in his hands*. Since the policeman could not know beforehand the contents of said portfolio and in view of the circumstance that they were dealing with a person who had just been arrested, the policeman acted prudently by seizing the same. Conceivably, the portfolio could have contained a weapon.

---

[1] In synthesis, a "search warrant" is an order signed by a magistrate, commanding the search and seizure of certain personal property, Rule 229 of the Rules of Criminal Procedure. In said order *the person or place* to be searched and the things to be seized shall be named or described. Rule 231 of the Rules of Criminal Procedure.

The case law of the Supreme Court of the United States has been inconsistent on the subject of searches of lawfully arrested persons. It has thus been recognized by the Supreme Court itself. See *Chimel* v. *California,* 395 U.S. 752, 755 (1969); and *Abel* v. *United States,* 362 U.S. 217, 235 (1960). The *Chimel* v. *California* case is reputed as having brought "order" on this matter to the previous case law of that Court. Therein a relation of the most important cases concerning this subject is made, and at p. 763 the thought of the Court on that subject is set forth. The following is stated there:

". . . When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is an ample justification therefor, for a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence."

In the paragraph following the afore-copied one the Court says that, on the contrary, the search of the other rooms or dependencies of the house is not justified, and not even the search of desk drawers or other furniture nor of other closed areas within the room where the arrest was made.

At page 773 the Court states that the justifications which render reasonable a warrantless search incidental to a lawful arrest (seize weapons, prevent an escape, prevent the destruction of evidence) do not apply to a search of the premises to which the accused does not have ready physical access.

■ In *People* v. *Riscard*, 95 P.R.R. 394 (1967), we found that the search was reasonable and incidental to, and contemporaneous with a legal arrest. The situation there was quite different from the situation of the *Chimel* case, *supra*. In *Chimel* a lawful arrest is made within defendant's house. The defendant did not offer any resistance whatsoever. The police without a search warrant searched defendant's entire house and found stolen objects. The court rejected that search because it was unlawful and unreasonable. Said search, although contemporaneous with the arrest, was not justified since it could not have any of the purposes which through exception justify a search under those circumstances: to seize weapons which might be used by the person under arrest, to prevent an escape or to prevent the destruction of evidence. In *Chimel*, *supra*, the court reversed the cases of *United States* v. *Rabinowitz*, 339 U.S. 56 (1950) and *Harris* v. *United States*, 331 U.S. 145 (1947).

In *People* v. *Riscard*, *supra*, when the police went to carry out a lawful arrest at the residence of the defendant, the latter ran towards a room of the house where he was overtaken by the agent. There was a struggle between the defendant and the policeman, in which the defendant's wife also intervened. The agent seized a loaded gun, illegally possessed, which was on the shelf of an open closet in said same room. Under the circumstances of that case we found that the policeman acted prudently in seizing said weapon, since, particularly in the light of the conduct of the defendant and his wife, the weapon could have been used by any of them to assault the agent or to attempt defendant's escape. A surprise movement of defendant or his wife could place said revolver in the hands of one of them.

Each search or arrest constitutes a borderline where the individual's rights and his personal dignity, on the one hand and society's right to protect itself and to protect the weaker ones from criminals, on the other, are critically confronted.

It is very difficult, perhaps impossible, to draft rules which would settle once and for all this problem of borderline crisis. But since we are facing a practical situation of facts which occur frequently in a similar manner, we should seek to establish the rule as clearly as possible, even though beforehand we recognize that it is not perfect:

■ 1. A warrantless search of the person under arrest and of the area within his immediate reach is permissible. As we have said before, this is justified in order to seize weapons which might be grabbed and used by the defendant to assault the public peace officers or to attempt an escape, and to seize evidence which otherwise the person under arrest might destroy.

■ 2. A warrantless search of the premises and furniture of a house which are not within the immediate reach of the person under arrest is not permissible, even though it is contemporaneous with a lawful arrest. So, when a lawful arrest is carried out, the desks, files, wardrobes, and other furniture, and closets, and the rooms and other parts of the dwelling or building where the defendant is arrested cannot be searched without a search warrant. That search, the purpose of which is not to prevent the aforementioned risks (assaults with weapons, escape, destruction of evidence) are not reasonable searches carried out as a result of an arrest and, therefore, they are proscribed by § 10 of Art. 2 of the Constitution of the Commonwealth of Puerto Rico and by the Fourth Amendment of the Constitution of the United States.

The search carried out in the case at bar, as it has been previously described, was reasonable and incidental to and contemporaneous with a lawful arrest. The error assigned was not committed. As to whether or not the warnings were sufficient, we need not discuss that since, with or without them, the search of the portfolio was lawful and its product —the jewels—was admissible in evidence.

The judgment rendered in this case will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate in the decision of this case.